ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| ALEXANDER GONZÁLEZ RAMOS<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN, REMEDIOS ADMINISTRATIVOS E.L.A. DE P.R.<br><br>Recurridos | TA2026RA00201 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Remedio Administrativo Núm.: ICSH-42-26<br><br>Núm. Confinado: GUE-11204<br><br>Sobre:  Centro Rehabilitación Nuevas Oportunidades |

Panel integrado por su presidente, el Juez Cruz Hiraldo, la Jueza Prats Palerm y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de junio de 2026.

Alexander González Ramos (en adelante, "recurrente"), compareció ante nos y solicitó la revisión de la *Resolución* emitida el 6 de abril de 2026 por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, "DCR"). En esencia, el recurrente planteó que solicitó participar del programa de desvío del Centro de Rehabilitación de Nuevas Oportunidades, pero no ha recibido una contestación al respecto. Por su parte, el Departamento de Corrección y Rehabilitación le contestó que su solicitud fue debidamente presentada y que se encuentra pendiente de ser evaluada por el personal correspondiente.

Adelantamos que la respuesta ofrecida por DCR fue adecuada. Por los fundamentos que expondremos a continuación, confirmamos la determinación administrativa recurrida.

---

[1] Mediante Orden Administrativa OATA-2026-063 emitida el 2 de junio de 2026, se designó a la Hon. Annette M. Prats Palerm en sustitución de la Hon. Ivelisse M. Domínguez Irizarry.

**-I-**

Según se surge del expediente ante nuestra consideración, el 12 de enero de 2026, el recurrente presentó una *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación.[2] Sostuvo que se encuentra en custodia mínima y que fue referido por el Comité de Clasificación para su participación en el programa del Centro de Rehabilitación de Nuevas Oportunidades (en adelante, "CRNO") desde el mes de septiembre de 2023.[3] Alegó, además, que su caso se ha dilatado injustificadamente a pesar de sus buenos ajustes y comportamiento.[4] Solicitó la pronta resolución de su caso de manera que pudiese participar del CRNO.[5]

El 22 de enero de 2026, se le entregó al recurrente la *Respuesta al Miembro de la Población Correccional*. Allí, se le informó al recurrente que su caso fue referido al CRNO el 25 de febrero de 2025, pero que no se había recibido contestación al respecto.[6]

Inconforme con la respuesta emitida, el recurrente presentó una *Solicitud de Reconsideración* ante la Coordinadora Regional de Remedios Administrativos (en adelante, "Coordinadora").[7] Así las cosas, luego de acoger la petición de reconsideración,[8] la Coordinadora emitió la *Resolución* aquí recurrida.[9] Mediante esta, confirmó y amplió la respuesta previamente ofrecida al recurrente. En específico, le informó al recurrente que "luego de corroborar el caso con el personal del Centro Rehabilitación Nuevas Oportunidades[, su caso se] encuentra pendiente a ser evaluado. Es importante que le solicite al técnico [s]ociopenal asignado para que se comunique con el

---

[2] SUMAC-TA, entrada núm. 1, Ap. 3, págs. 1-3.
[3] *Id.*, pág. 1.
[4] *Id.*, págs. 2-3.
[5] *Id.*, pág. 3.
[6] *Id.*, págs. 4-5.
[7] *Id.*, págs. 6-9.
[8] *Id.*, págs. 10-11.
[9] SUMAC-TA, entrada núm. 1, Ap. 2.

personal de programa para que pueda darle el seguimiento apropiado."[10]

Inconforme aun, el 20 de abril de 2026, el recurrente acudió ante nos mediante el presente recurso de revisión judicial y planteó el señalamiento de error siguiente:

> Err[ó] el DCR al no evaluar al peticionario para participar del programa para la pre-inserción a la libre comunidad, bajo el Reglamento DCR – Orden Administrativa DCR-2023-03 al Programa, Centro Rehabilitación, Nuevas Oportunidades (C.R.N.O.).

Luego de que el recurrente presentara su *Solicitud para Declaración de Indigencia* y de que esta fuera autorizada por este Tribunal, el DCR presentó su oposición al recurso. Examinado el expediente, estamos en posición de disponer de esta controversia.

-II-

**B. Reglamento Núm. 8583**

El Reglamento Núm. 8583 de 4 de mayo de 2015 del Departamento de Corrección y Rehabilitación, conocido como "Reglamento para atender las solicitudes de remedios administrativos radicados por los miembros de la población correccional" (en adelante, Reglamento Núm. 8583) tiene la finalidad de minimizar las diferencias entre los miembros de la población correccional y su personal; así como de reducir los pleitos en los Tribunales de Justicia.

Para ello, el Reglamento Núm. 8583 dispone que la División de Remedios Administrativos del DCR tendrá jurisdicción para atender toda solicitud de remedio presentada por los miembros de la población correccional en cualquier institución correccional donde se encuentre extinguiendo la sentencia y que se relacione con:

> a. actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o en su plan institucional.

---

[10] *Id.*, pág. 2.

b. cualquier incidente o reclamación comprendida bajo las disposiciones de este reglamento.

[...]

Reglamento Núm. 8583, Regla VI, pág. 13.

Una vez el miembro de la población correccional presenta una solicitud, procede que esta sea examinada por la División de Remedios Administrativos del DCR. En específico, el Reglamento Núm. 8583 designa al "Evaluador" como el empleado de la División de Remedios Administrativos encargado de evaluar y contestar las solicitudes de remedios presentadas por cualquiera de los miembros de la población correccional. Véase, Reglamento Núm. 8583, Regla IX sección 3, págs. 20-23. En cuanto a la respuesta del Evaluador, el referido Reglamento dispone lo siguiente:

**REGLA XIII - PROCEDIMIENTO PARA EMITIR RESPUESTAS**

1. El Evaluador utilizará *todos los procedimientos que estime necesarios para la obtención de la información requerida para brindar una <u>respuesta adecuada</u>* al miembro de la población correccional. En aquellos casos en que el Evaluador a cargo de emitir respuesta necesite información contenida en algunos de los expedientes del miembro de la población correccional (social, criminal o médico) o cualquier otro expediente o documentos oficiales, podrá solicitar una certificación o interpretación del expediente sobre la información requerida.

[...]

*Id.*, Regla XIII, págs. 27-28. (Itálico y subrayado añadido).

Es claro que se exige que el Evaluador haga los procedimientos que estime necesarios para obtener la información pertinente para contestar la solicitud de remedio administrativo. Además, se exige que la respuesta sea adecuada.

Ahora bien, en caso de que el miembro de la población correccional no esté de acuerdo con la respuesta emitida, este tendrá el remedio procesal siguiente:

**REGLA XIV - REVISIÓN DE RESPUESTA DE RECONSIDERACIÓN REMEDIOS ADMINISTRATIVOS**

1. Si el miembro de la población correccional no estuviere de acuerdo con la respuesta emitida, podrá solicitar la revisión, mediante escrito de Reconsideración ante el

> Coordinador, dentro del término de veinte (20) días calendarios, contados a partir del recibo de la notificación de la respuesta.
>
> […]
>
> 4. El Coordinador una vez recibida la Solicitud de Reconsideración por parte del Evaluador, tendrá quince (15) días para emitir una respuesta al miembro de la población correccional si acoge o no su solicitud de reconsideración.
>
>    Si se denegara de plano o el miembro de la población correccional no recibe respuesta de su solicitud de reconsideración en el término de quince (15) días, podrá recurrir, por escrito, en revisión judicial ante el Tribunal de Apelaciones. Este término comenzará a correr nuevamente desde el recibo de la notificación de negativa o desde que se expiren los quince (15) días, según sea el caso. Si se acoge la solicitud de reconsideración, el Coordinador tendrá treinta (30) días laborables para emitir Resolución de Reconsideración. Este término comenzará a transcurrir desde la fecha en que se emitió la respuesta de reconsideración al miembro de la población correccional salvo que medie justa causa.
>
>    […]
>
> **REGLA XV - REVISIÓN JUDICIAL ANTE EL TRIBUNAL DE APELACIONES**
>
> 1. El miembro de la población correccional podrá solicitar revisión ante el Tribunal de Apelaciones, dentro del término de treinta (30) días calendarios, contados a partir de la fecha del archivo en autos de la copia de la Notificación de la Resolución de Reconsideración, emitida por el Coordinador de Remedios Administrativos o noventa (90) días a partir de la radicación de la Solicitud de Reconsideración acogida, si la Agencia no actúa conforme a la misma.
>
>    […]

Reglamento Núm. 8583, Reglas XIV y XV, págs. 30-33.

## A. Revisión Judicial

La Ley Núm. 38-2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico" (en adelante, "LPAU") dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. 3 LPRA sec. 9671. Como cuestión de derecho, la revisión judicial será sobre las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. 3 LPRA sec. 9676. El propósito de tal disposición consiste en delimitar la discreción de los foros administrativos para asegurar que estos ejerzan sus

funciones razonablemente y conforme a la ley. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99, 113-114 (2023).

No obstante, los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, ello en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. USAA Fed. Savs. Bank,* 214 DPR 473, 484 (2024); *Voilí Voilá Corp., et al. v. Mun. Guaynabo,* 213 DPR 743, 754 (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). En este contexto, la Sección 4.5 de la LPAU, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

> El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.

3 LPRA sec. 9675.

Al revisar una decisión final de una agencia, los foros judiciales deben limitar su intervención a evaluar si la decisión de la agencia es razonable y no si hizo una determinación correcta de los hechos ante su consideración. *Assoc. Ins. Agencies, Inc. v. Com. Seg. PR,* 144 DPR 425, 437 (1997). En caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener lo concluido por la agencia, evitando sustituir el criterio del organismo por sus propias apreciaciones. *Pacheco v. Estancias,* 160 DPR 409, 432 (2003). Por ello, los tribunales tienen que armonizar, siempre que sea posible, todos los estatutos y reglamentos administrativos involucrados para la solución justa de la

controversia, de modo que se obtenga un resultado sensato, lógico y razonable. *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 843 (2021).

Así pues, la deferencia hacia los foros administrativos no es absoluta. El tribunal revisor no dará deferencia a los procedimientos administrativos si al examinar el dictamen recurrido determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales. *Hernández Feliciano v. Mun. Quebradillas,* supra, pág. 114. La revisión administrativa está limitada a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal. *Moreno Lorenzo y otros v. Depto. Fam.*, supra, pág. 839.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

El recurrente sostiene que su solicitud para participar del CRNO se ha dilatado injustificadamente. Solicita que su caso tenga una pronta resolución. Por su parte, la Evaluadora emitió una respuesta al recurrente, mediante la cual le informó que su caso fue referido el 25 de febrero de 2025 al CRNO, pero que a esa fecha no se había recibido una contestación al respecto. Asimismo, la Coordinadora acogió la solicitud de reconsideración del recurrente y amplió la respuesta ofrecida. En específico, aseveró que corroboró su caso con el personal del CRNO y confirmó que se encuentra pendiente a ser evaluado. Además, lo exhortó a darle seguimiento al CRNO a través del técnico sociopenal. A tono con ello, el DCR aduce

que la respuesta dada al recurrente es adecuada, toda vez que investigó y obtuvo información del referido del caso del recurrente al CRNO. Por tal razón, sostiene que procede confirmar la *resolución* recurrida.

Según discutido previamente, el Reglamento Núm. 8583, Regla XIII, pág. 27, requiere que el Evaluador haga aquellos procedimientos para obtener la información necesaria, con el fin de brindarle al miembro de la población correccional una *respuesta adecuada*, según la naturaleza del remedio solicitado. A esos efectos, interpretamos que una "respuesta adecuada" es aquella que sea informada, que provea al solicitante de los medios necesarios para lograr lo que pide o le ponga en condiciones de conocer el estado de su reclamo.

Luego de analizar la respuesta ofrecida por el DCR en este caso, concluimos que fue adecuada. Surge del expediente que la Evaluadora buscó la información necesaria para procurar que la solicitud del recurrente estuviera debidamente canalizada y le informó que su caso estaba pendiente. Asimismo, la Coordinadora le informó al recurrente que pudo corroborar directamente con el personal del CRNO que su caso se encuentra pendiente a ser evaluado.

Es importante señalar que una respuesta adecuada al remedio administrativo solicitado no es necesariamente aquella que concede automáticamente el remedio solicitado. Nótese que, en este caso, la División de Remedios Administrativos no posee facultad para emitir una determinación final –aprobar o denegar– el referido del recurrente al programa de desvío del CRNO. Esa determinación recae en la Oficina de Programas de Desvío y Comunitarios del DCR.

Así pues, a tono con este estándar, concluimos que el recurrente quedó adecuadamente informado del resultado de las

gestiones de la Evaluadora y de la Coordinadora en seguimiento a su solicitud para participar del CRNO.

En ausencia de prueba que demuestre arbitrariedad, capricho o incumplimiento con un deber ministerial exigible, o violación de un derecho constitucional, es improcedente nuestra intervención con la determinación recurrida.

**-IV-**

Por los fundamentos previamente expuestos, se **confirma** la *Resolución* recurrida en recurso de epígrafe.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones